IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARLES A. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 04-2197-CM |
| ) | |
| **MICHAEL J. ASTRUE, COMMISSIONER** ) | |
| **OF SOCIAL SECURITY** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Charles A. Smith brought this action against defendant Michael J. Astrue, Commissioner of Social Security. This case comes before the court on plaintiff's Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 23). Because the court finds that attorney fees are appropriate, but that plaintiff's suggested amount is unreasonable, the court grants the motion in part and denies the motion in part.

**I.    Background**

Plaintiff filed this action on May 7, 2004. On March 11, 2005, Judge VanBebber issued an opinion that affirmed the Commissioner's decision in part, reversed it in part, and remanded the case. After the case was reassigned to this court, the undersigned judge granted plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"). As a result, plaintiff's counsel was awarded $5,500.

Presently, plaintiff's motion requests attorney fees under 42 U.S.C. § 406(b). In support of this motion, plaintiff states that he "was found entitled to disability insurance benefits in the amount

of $107, 200 in addition to ongoing Title II monthly benefits of $834.80 per month." Of this total amount, one fourth—$26,800—was withheld by the Social Security Administration for attorney fees. Plaintiff's minor children also received a disability benefit totaling $48,753, and a monthly $432 benefit. Plaintiff calculates that an additional $12,188, representing one fourth of the children's benefit, should also have been withheld for attorney fees. Explaining "[a]fter receiving credit for the EAJA fee award, and deducting the attorney fee paid for representation at the administrative level, the requested attorney fee would represent 18 percent of the back benefit award to plaintiff and his beneficiaries," plaintiff's counsel calculates and requests a total fee award of $33,763.

Plaintiff's counsel contends this is a reasonable fee award. Plaintiff's counsel worked 88.5 hours on this case. These hours were divided between the administrative process and the present, federal case—50 hours at the administrative level, and 38.5 hours for the present case. Plaintiff's counsel also states that the filings required "a thorough working knowledge of medical and vocational issues." Counsel represented plaintiff on a contingent-fee basis.

While defendant does not object to an attorney fee award under 42 U.S.C. § 406(b), defendant responds that the requested amount is unreasonable. Defendant calculates that the total requested fee, $33,763, divided by the number of hours of work at the district level, 38.5, results in an hourly rate of $876.96. Additionally, defendant reiterates plaintiff's counsel's obligation to refund to plaintiff the lesser of the EAJA award or any award under § 406(b).

Plaintiff's counsel replies that the requested fee is reasonable. In support of this, plaintiff's counsel highlights several factors: "the contingent nature of the representation, the preclusion of other employment, the skill necessary to perform the legal services properly, the amount involved

and the results obtained, and the experience, reputation and ability of counsel." Moreover, plaintiff's counsel contends that the hourly rate should not be calculated based only on the hours spent at the district level. Instead, the hourly rate should also account for hours spent at the administrative level to the extent it aids the reasonableness analysis.

**II.     Analysis**

The "touchstone" of attorney's fees under § 406(b) is reasonableness. *Hill v. Astrue*, 248 F. App'x 923, 928 (10th Cir. 2007). In determining reasonableness, the court begins its analysis with the fee agreement between counsel and client. *Id.* The agreement must not exceed the 25 percent ceiling under § 406(b). *Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002)). While the court should not use the "lodestar method" to determine reasonableness, it may also consider "such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* The standard hourly rate of the attorney may also be considered in this analysis. *Id.*

Determining "whether the benefits are large in comparison to the amount of time counsel spent on the case" requires analysis of counsel's time. In *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006), the Tenth Circuit held that a district court may award attorney's fees under § 406(b)(1) when it remands a social security case and the Commissioner subsequently awards past-due benefits. However, in its analysis, that court noted, "Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the commissioner does not make fee awards for work done before the court." *Id.* at 498 (citing 20 C.F.R. §§ 404.1720, 404.1728; *Harris v. Sec'y of Health & Human Servs.*, 836 F.2d 496, 497 (10th Cir. 1987). Thus, under § 406(b), this court may only award attorney fees for work done before the

court.

Here, the parties do not dispute the nature of the fee agreement. The only contested issue is whether plaintiff's requested fee award is reasonable. However, plaintiff's counsel's filings have not clearly defined the requested fee award. The sums provided by plaintiff's counsel for the benefit award to plaintiff and his children total $155,953. Plaintiff's counsel explains the method of calculation as "[a]fter receiving credit for the EAJA fee award, and deducting the attorney fee paid for representation at the administrative level, the requested attorney fee would represent 18% of the back benefit award to plaintiff and his beneficiaries." Plaintiff's counsel then specifies the requested award as $33,763.

Eighteen percent of the total award to plaintiff and his beneficiaries is $28,071.54, which is $5,691.46 less than the requested amount. On the other hand, $33,763 represents 18% of $187,572.22, which is $31,619.22 more than the back benefit awards. While the court is unsure how crediting a $5,500 EAJA fee award and deducting an unspecified amount of fees at the administrative level results in increasing the back award by $31,619.22, the court does not attempt to unravel the algebraic knot. Such computations are unnecessary because plaintiff counsel's requested fee award, either $28,071.54 or $33,763, is unreasonable.

The court notes that plaintiff's counsel has represented plaintiff for over 10 years. In matters related to this court, plaintiff's counsel worked 38.5 hours. As a result of counsel's efforts, plaintiff and his children received back benefit awards equaling $155,953 and monthly awards totaling $1,266.80. Plaintiff counsel's standard hourly rate is $200 per hour. Defendant did not provide a sum he considered reasonable. Based on these considerations, the court finds that an attorney fee award of $15,000 is reasonable.

This amount results in an hourly rate of $389.61. This is nearly double plaintiff's counsel's

standard hourly rate, but within the range of hourly rates cited by defendant to this district in similar cases. *See Robbins*, 2007 WL 675654, at *2 ("[The Commissioner] noted that in interpreting *Gisbrecht*, courts have found reasonable fee amounts ranging from $338.29 to $605.79 per hour.").

Because the amount awarded under § 406(b) is greater than the EAJA award, plaintiff's counsel is required to refund the amount of the EAJA award to plaintiff. "Similarly we believe that it is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner." *McGraw*, 450 F.3d at 497 n.2.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Approval of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 23) is granted in part.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 406(b) the defendant pay plaintiff's counsel the sum of $15,000 from plaintiff's past due benefits and plaintiff's children's past due benefits. Because the amount awarded as an attorney fee under the EAJA was less than the amount awarded under the Social Security Act, the EAJA award totaling $5,500 shall be refunded to plaintiff.

Dated this 26th day of March 2008, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**